IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID ALLEN SUMRALL, | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-15-267 |
| STATE OF MARYLAND, | * | |
| Respondent | * | |
| | *** | |

MEMORANDUM

Respondent filed an Answer to the above-captioned petition alleging petitioner is no longer "in custody" for purposes of habeas review. ECF 3. Petitioner has filed a Response. ECF 4. The court finds a hearing in this matter unnecessary.[1]

On September 10, 1981, petitioner David Allen Sumrall ("Sumrall") pled guilty, in the Circuit Court for Baltimore City, to one count of assault with intent to murder. As a result, Sumrall was sentenced to serve 30 years imprisonment and pay restitution. ECF 1-1, pp. 1-2; ECF 3-1. In apparent recognition that the term in question has expired, Sumrall states, "Although the original prison sentence has expired..." and "The prison term is not an issue, since it is over." ECF 1, pp. 1 & 2. Sumrall challenges the legality of the restitution order alleging it constitutes an illegal sentence. *Id.*, pp. 2-3.

Under 28 U.S.C. § 2254(a) "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (emphasis added).

---

[1] *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

Federal habeas relief is unavailable where a petitioner "suffers no present restraint from a conviction." *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). Thus, where a sentence has fully expired, the custody requirement is not satisfied and this court has no jurisdiction to consider the claims raised. *Id.* at 490, *see also, Lackawana County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (recognizing that "in custody" requirement precluded defendant no longer serving sentence imposed on 1986 convictions from bringing federal habeas petition directed solely at those convictions).

A challenge to an order of restitution, such as Sumrall raises here, does not satisfy the custody requirement of §2254(a). *See Bailey v. Hill* 599 F.3d 976, 979 (9th Cir. 2010) (holding liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty as to warrant habeas relief); *Tinder v. Paula*, 725 F.2d 801, 804 (1st Cir. 1984) (same); *Washington v. Smith*, 564 F.3d 1350, 1350-51 (7th Cir. 2009) (holding petitioner's attack on counsel's handling of restitution amount does not state a cognizable claim under §2254); *Obado v. New Jersey*, 328 F. 3d 716, 718 (3d Cir. 2003) (restitution payments made by petitioner after completion of sentence did not satisfy "custody" requirement under §2254(a)). As Sumrall is not in custody for purposes of the habeas statute, his petition shall be dismissed.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Sumrall has not met this standard. By

separate Order which follows the petition for writ of habeas corpus shall be dismissed and a Certificate of Appealability denied.

_March 4, 2016_
Date

_/s/_
J. Frederick Motz
United States District Judge

FILED U.S. DISTRICT COURT DISTRICT OF MARYLAND
2016 MAR -4  AM 11:28
CLERK'S OFFICE AT BALTIMORE
BY _____ DEPUTY

3